IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01016-MSK

ECONALYTIC SYSTEMS, INC.

   Plaintiff,

v.

EMERTECK CORP.,

   Defendant.

_____

# OPINION AND ORDER REMANDING ACTION
_____

   **THIS MATTER** comes before the Court *sua sponte*.

   The Plaintiff and Defendant are parties to an agreement governing the sale of certain business assets from the Plaintiff to the Defendant. At some point, a dispute arose between the parties as to whether certain actions by the Plaintiff constituted a breach of the non-compete provision in that agreement. On or about April 23, 2009, the Plaintiff commenced this action in the Colorado District Court for Boulder County, asserting a single claim for a declaration that its conduct was not in breach of the agreement.

   On May 1, 2009, the Defendant removed **(# 1)** the action to this Court, citing the existence of diversity jurisdiction under 28 U.S.C. § 1332. With regard to the amount in controversy, the Defendant's Notice of Removal states "[t]he consideration for the agreement was three million dollars. If [the Plaintiff] breaches the [agreement], its maximum liability under the terms of the [agreement] is three million dollars." Because "breach [of the agreement] would

1

expose [the Plaintiff] to liability for damages of up to three million dollars," the Defendant contends that the requirement that the amount in controversy exceed $ 75,000 is thus satisfied. 28 U.S.C. § 1332(a)(1).

The party asserting the existence of federal subject matter jurisdiction – here, the Defendant – bears the burden of showing that such jurisdiction exists. *Port City Properties v. Union Pacific R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). There is a presumption against the exercise of federal jurisdiction via removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001). The Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $ 75,000 and must do so by reference only to the allegations on the face of the complaint and the factual averments in the Notice of Removal. *Id.* at 1290.

Where the underlying action seeks only a declaration of the parties' relative rights, the amount in controversy for purposes of 28 U.S.C. § 1332(a)(1) is measured by the value of the object of the litigation. *Lovell v. State Farm Mut. Auto Ins. Co.*, 466 F.3d 893, 898 (10th Cir. 2006). Here, the value of the underlying action is best understood by examining the mirror-image of the declaratory action – namely, a claim for damages by the Defendant for breach of the non-compete provision that could be asserted against the Plaintiff. If the Defendant could otherwise prevail on a claim for breach and recover damages, a victory by the Plaintiff in this action would amount to a pecuniary gain to the Plaintiff and a loss to the Defendant in the amount of the damages that would have been recoverable. Neither the Complaint nor the Notice of Removal gives any indication of the amount of damages that the Defendant might claim for

the Plaintiff's alleged breach of the non-compete provision.[1]

The Defendant's contention that the value of the overarching contract is the value of the claim is without merit. Nothing in the Notice of Removal gives any indication that a breach of the non-compete provision will necessarily require the rescission of the entire agreement for the sale of the assets. The Defendant's assertion that the measure of damages for breach of a covenant not to compete is the value of the contract as a whole is not supported by citation to appropriate law. Assuming, without necessarily finding, that Colorado law controls this question, the law is to the contrary. *See Logixx Automation, Inc. v. Lawrence Michels Family Trust*, 56 P.3d 1224, 1227 (Colo. App. 2002) (breach of a covenant not to compete gives rise to damages for the other side's loss of profits attributable to the breach). Nothing in either the Complaint or the Notice of Removal purports to assert the amount of profits, if any, claimed to have been lost by the Defendant as the result of the Plaintiff's alleged breach of the non-compete provision.

Accordingly, the Court finds that the Defendant has failed to carry its burden of establishing, by a preponderance of the evidence, that the amount in controversy in this action exceeds $ 75,000. Absent a showing of sufficient federal subject matter jurisdiction, the action

---

[1] A curious omission, given that the Defendant is the party that would be alleging the amount of damages it sustained as a result of the Plaintiff's breach.

must be remanded pursuant to 28 U.S.C. § 1447(c).  This matter is **REMANDED** to the Colorado District Court for Boulder County.  The Clerk of the Court shall transmit this case file to the clerk of the District Court for Boulder County and shall close this case.

Dated this 5th day of May, 2009

                                                **BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge